# ESTATE OF HENRY B. GRAVES, DECEASED.

## APPEAL BY A. B. YEAGER FROM THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 3, 1890—Decided April 28, 1890.
[To be reported.]

1. The act of April 14, 1851, P. L. 613, clearly confers upon the widow or children of a decedent the right to elect in what property they will take the exemption thereby allowed, whether realty or personalty, with the single restriction that a selection of real estate shall not impair any lien for its purchase money.

2. A creditor of an insolvent estate may intervene to prevent the confirmation of an unfair and inadequate appraisement, but he cannot control the election given by the statute; nor does the holder of an ordinary

Statement of Facts.

judgment lien have any better standing in this respect than general creditors.

3. Such judgment lien is subordinate to the claim of the widow or children, and is no obstruction to the exercise of their right of election; its holder has no right to demand that the widow select personalty which she does not want, in order to benefit him at the expense of other creditors.

Before Paxson, C. J., Green, Williams, McCollum and Mitchell, JJ.

No. 387 January Term 1889, Sup. Ct.; court below, number and term not shown.

On April 8, 1887, a paper signed by Sarah P. Graves, widow of Henry B. Graves, deceased, giving notice to the administrator of her husband's estate of her election to retain real estate to the value of $300, and requesting that the same be appraised and set apart according to law, was filed in the court below, along with a return of appraisers, appointed in pursuance thereof, certifying that after being duly sworn they went upon and examined the real estate of the decedent, and found it of greater value than $300 and incapable of division without injury to or spoiling the whole. On October 1, 1887, this return was approved by the court, and on November 12, 1887, the following exception was filed, verified by affidavit:

"Amos B. Yeager, a lien creditor of Henry Graves, deceased, and who has a judgment upon all the property, amounting, with principal and interest, to some $2,200, files this his objections to the appraisement to the widow, Sarah P. Graves, of $300 out of the proceeds of real estate of said decedent, elected to be retained by her, for the reason that, when Henry Graves died, there was ample personal property belonging to decedent out of which or from which to select under the exemption law. She refused to do this, and said personalty was sold by the administrator, realizing some $400 or more, which fund would go to the general creditors under the law; and, if the $300 is to be taken from the real estate proceeds, this exceptant would be defrauded to that extent, as his is the first judgment, and the property did not realize within several hundred dollars as much as is claimed. If this appraisement should stand, exceptant would receive about $1,600, thereby losing about $600."

After hearing and argument, the court, SCHWARTZ, P. J., on February 11, 1889, filed the following opinion and decree :

The facts are as follows : The decedent died March 6, 1887, and letters of administration on his estate were granted to Luther Zerr, with will annexed, April 2, 1887. The widow's appraisement and the inventory of the estate were filed in the proper office for said county, April 8, 1887. Said inventory embraces goods, effects, and credits amounting to the sum of $323.

It is charged on the part of the exceptant, that the widow and administrator made the election out of the real estate to defraud the exceptant, in that they allowed the personal property to be absorbed before making her election. In point of fact, she elected to retain real estate within six days after letters were issued, and within thirty days after the death of her husband. There was no bad faith on the part of the widow, or of the administrator, nor any waste of the estate.

The only question remaining for consideration is, had the widow the right to elect to retain real estate, whilst there was personal property sufficient to satisfy her exemption, to the prejudice and injury of the exceptant ?

The decedent's estate is insolvent. He had a number of other small debts. Are the rights and equities of the exceptant superior to those of his other creditors ? Their claims are all equally meritorious. True, he has the advantage over them, in that he has a judgment lien upon the decedent's real estate. Such being the fact does not make his claim more sacred. If it proves anything, it is, that he was more cautious in his investment.

What are the rights and privileges of this widow under the act of April 14, 1851, which exempts property, real or personal, in decedent's estates, to the value of $300, to their widows for their and their families' use ? The fifth section of said statute appears to me to enact, that every widow may elect to retain out of her husband's estate, real estate or personal property to the value of $300, at her option, provided such election do not affect or impair any liens for the purchase money of such real estate. Our courts have, however, uniformly held, from the time of passage of the act to this time, that the statute does not affect mortgages and such other

rights and estates in hands as are paramount to the titles themselves.

This act has been before our courts many times. Our reports are filled with opinions and decisions as to the construction of the statute. By not any of them, has the widow ever been restricted to the personal estate, in the election of her exemption. In Scott's Est., 2 Phila. 135, they may have squinted in that direction, so far as the law of descent is concerned. But every other case that has been cited, or that has come under my observation upon this point, decided that she may, as the statutes enact, elect to take either real or personal property at her pleasure. Spencer's App., 27 Pa. 218, decides, that a widow may elect to take real estate, on account of her exemption, against the interest of a judgment creditor of her late husband, and that notwithstanding the waiver of the exemption laws by the husband.

The statement of facts shows that the decedent had died possessed of personal estate. Rank's Est., 12 Phila. 67, decides that the widow, notwithstanding she, as accountant, has a large personal fund or property in her possession over and above her widow's exemption, but not sufficient to satisfy her said privilege and to pay the debts of the deceased, may elect to take the same from the proceeds of sale of realty sold for the payment of debts. Whether any of the debts were judgment liens, is not disclosed, either in the statement or the opinion. But presumably they were, else the intention had been objectless. See Allentown's App., 109 Pa. 75, and Kauffman's App., 112 Pa. 645.

All these cases are, in my opinion, to the effect that the widow is neither legally nor morally bound to select personalty for the benefit of the exceptant, at the expense of the other creditors, and that her rights were paramount and beyond the control of the decedent's creditors, except such as had liens upon the property, for purchase money, or mortgages thereon. It is further my opinion that all of decedent's creditors were pari passu, so far as the widow's rights under said exemption laws are concerned.

For these reasons the exceptions are dismissed, and the appraisement confirmed absolutely.

Thereupon the exceptant took this appeal, specifying that the court erred:

1. In dismissing the exception filed.
2. In confirming the widow's appraisement absolutely.

*Mr. H. P. Kaiser* and *Mr. J. H. Jacobs,* for the appellant:

1. We contend that § 5, act of April 14, 1851, P. L. 613, was not designed to give authority to the widow or administrator to select the real estate to answer the former's claim for $300, when there is sufficient personal property to cover it. It would be folly to interpret the act so as to give the widow the sole power to direct how her husband's estate shall be settled, and to toy with the rights of creditors as may suit her whim or fancy. As remarked by Pearson, P. J., in Witmer's Est., 2 Pears. 473, the courts have already greatly wrested the law from its true meaning to gratify widows. The question here presented has never been decided by this court. No real estate had been ordered to be sold when this exemption was claimed, and by analogy to the debtor's exemption under act of April 9, 1849, P. L. 533, the personal property, which was amply sufficient to meet the widow's demand, should have been resorted to: Scott's Est., 2 Phila. 135.

2. In Spencer's App., 27 Pa. 218, and Rank's Est., 12 Phila. 67, cited by the court below, the real estate had been brought into administration for the payment of debts before the widow's application for the exemption was made; and, in Allentown's App., 109 Pa. 75, and Kauffman's App., 112 Pa. 645, likewise so cited, there was not sufficient personalty to answer her claim. We invoke also the equitable principle that where one creditor has a lien upon two funds of the debtor, and another creditor has a lien upon one only, the former may be compelled to levy his debt out of the fund to which the other cannot resort: McDevitt's App.,70 Pa. 373; Hastings' Case, 10 W. 303; Ramsey's App., 2 W. 228; Blank's App., 6 W. N. 25; Conser's App., 1 Penny. 128.

*Mr. S. M. Meredith* (with him *Mr. I. C. Becker*), for the appellee:

1. The act granting to a widow the $300 exemption is so plain and explicit in permitting her to retain either realty or

Opinion of the Court.

personalty, that it is not surprising that the exceptant is unable to produce a decision to the contrary.    The widow may elect whether she will take realty or personalty : Allentown's App., 109 Pa. 75 ; and the only limitation upon her right is that liens for purchase money of such real estate shall not be affected or impaired : Kauffman's App., 112 Pa. 645.

2. She may claim out of the realty in preference to judgments with waiver of exemption : Spencer's App., 27 Pa. 218 ; or mechanics' liens : Hildebrand's App., 39 Pa. 133 ; whether the estate is solvent or insolvent: Hill v. Hill, 32 Pa. 511.    She may claim out of the proceeds of a sale of real estate to pay debts : Rank's Est., 12 Phila. 67.    The act of April 14, 1851, P. L. 613, is not a supplement to the exemption act of April 9, 1849, P. L. 533, but an independent enactment: Baldy's App., 40 Pa. 328.    Payment of the widow's exemption out of realty may be enforced in the Orphans' Court by a decree of sale : Detweiler's App., 44 Pa. 243.

3. Against the plain provisions of the act itself, the unbroken current of the decisions of this court, and the invariable practice for forty years, the exceptant produces nothing but two Orphans' Court decisions, neither of which supports his contention.    The " equitable principle " invoked in the concluding part of his argument, is so palpably inapplicable as not to merit further notice.

OPINION, MR. JUSTICE McCOLLUM :

The act of April 14, 1851, P. L. 613, is a sufficient answer to the appellant's claim, and to the question raised by this record.    It allows the widow or children of a decedent to retain either real or personal property of his estate to the value of $300.    It clearly confers on its beneficiaries the right to elect in what property they will take their exemption, with the single restriction that a selection of real estate shall not affect or impair any lien for the purchase money of it.    An ordinary judgment lien is no obstruction to the exercise of this right, and the holder of such a lien has no better standing to contest it than the general creditors.    A creditor of an insolvent estate may intervene to prevent the confirmation of an unfair and inadequate appraisal, but he cannot control the election which the statute has given to the claimant.

The appellant's lien on the real estate of the decedent is superior to that of the general creditors, but it is subordinate to the claim of the widow or children under the exemption laws. An election by the widow to take her exemption out of the personal property would have enabled him to appropriate all that remained of the estate, but his demand that she shall take property which she does not want, in order to benefit him at the expense of other creditors, has neither law nor equity to support it.

>    The decree of the Orphans' Court is affirmed, and the appeal is dismissed at the cost of the appellant.

