# E. CRAWFORD ET AL. *v.* S. P. SHRIVER ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1890—Decided January 5, 1891.

1. Defendants in a bill for an account as to a partnership interest, admitting their possession and their liability to account to the real owner of

Statement of Facts.

the interest, have no standing to appeal from a decree confirming the report of a master, on an interpleader instituted to determine the question of ownership.

2. One who is substituted a party defendant to a suit, as the executor of a deceased party, may not be examined as to matters occurring before the death of his decedent, notwithstanding a plaintiff to the bill had been examined and testified at length before the decedent's death.

3. On the taking of an account as to the value of a partnership interest, sold at sheriff's sale to the plaintiffs in the bill, an inventory of stock taken just before the sale, proved only by the testimony of a witness who found it in the partnership safe two years after the sale, is inadmissible.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 86 October Term 1890, Sup. Ct.; court below, No. 544 December Term 1881, C. P. No. 1.

To the number and term of the court below, Edward Crawford, and others, partners trading under the name of the Crawford Manufacturing Company, by Washington Jarvis and Wm. McConway, receivers of said company, filed a bill in equity against S. P. Shriver and James H. Stokes, averring in substance:

That on April 5, 1880, the Crawford Mfg. Co. had obtained judgment against A. J. Nellis for $7,762.90; that upon said judgment executions had issued whereon, on June 17, 1880, the interest of A. J. Nellis in the firm of Nellis, Shriver & Co., consisting of said A. J. Nellis, S. P. Shriver and James H. Stokes, was sold at sheriff's sale to the Crawford Mfg. Co. for the sum of $9,000; that, after said sale, which dissolved the partnership of Nellis, Shriver & Co., S. P. Shriver and James A. Stokes had had sole control and possession of the books and assets of said firm, and had refused to account to the Crawford Mfg. Co. for the interest of A. J. Nellis therein; praying for the appointment of a receiver of the assets of Nellis, Shriver & Co., that an account be taken, and that the defendants, Shriver and Stokes, be decreed to pay to plaintiffs the amount found due, etc.

On January 6, 1882, the defendants, Shriver and Stokes, filed an answer, called also a "cross-bill," admitting the partnership of Nellis, Shriver & Co., as alleged in the bill, but averring, in substance:

### Statement of Facts.

That in 1878, one I. M. Pennock obtained judgment against A. J. Nellis for $154 and costs; that under execution process, issued upon said judgment, a levy was made on September 18, 1879, on the interest of A. J. Nellis in the firm of A. J. Nellis & Co., and the same was afterwards sold at sheriff's sale to S. P. Shriver; that, subsequently, the said Shriver, "for a consideration of about $250," conveyed to Eliza M. Nellis, wife of A. J. Nellis, "all the rights which he held as sheriff's vendee" of said interest, and Mrs. Nellis claimed to hold said interest in her own right, "and thus we must account to her;" that, when the sale was afterwards made of the said interest at the suit of the Crawford Mfg. Co., defendant Shriver gave notice of his said purchase of said interest, yet the Crawford Mfg. Co. bid off the same for $9,000; that, at a still later date, a special fieri facias was issued directing a levy upon the same supposed interest of A. J. Nellis, and subsequently the interest so levied upon was sold to Edward Crawford; that, still later, the interest so sold to Edward Crawford was again sold by regular proceedings at sheriff's sale to Kirk Q. Bigham, and said Kirk Q. Bigham now claimed to own said interest; that "we are willing to account to whomsoever is legally entitled thereto, for the interest in our firm which was of A. J. Nellis;" praying for answers, interpleader and issue.

On February 25, 1882, it was ordered that A. J. Nellis, A. J. Nellis and Eliza M., his wife, in right of said wife, and Kirk Q. Bigham, interplead in the cause, and defend each for his own interest. On July 11th, answers to the original and cross-bill were filed by A. J. Nellis and Eliza M. Nellis; Kirk Q. Bigham appeared, but filed no answer. Issue having been joined, the cause was referred to *Mr. Wm. Scott,* as examiner and master.

Prior to August 30, 1883, and pending the proceedings before the master, Mrs. Eliza M. Nellis died, and A. J. Nellis, her executor, was substituted. This substitution was noted in the minutes of the proceedings on September 27, 1883; Edward Crawford had been examined as a witness before the death of Mrs. Nellis. At the meeting on December 13th, Mr. Barton, appearing for the estate of Mrs. Eliza M. Nellis, deceased, called A. J. Nellis, who was sworn and examined first as to matters occurring after the death of Mrs. Nellis, when counsel proposed to examine him generally. Objection being made by the plaint-

iffs in the bill, the offer was refused.   On December 25th, counsel presented to the court a certificate by the master of the proceedings in the matter of this offer, objection, and ruling, and on June 13, 1884, after argument, the court filed an order sustaining the ruling of the master.

On October 9, 1886, the master filed a report, finding that the sheriff's sale of the interest of A. J. Nellis, in the firm of Nellis, Shriver & Co., to S. P. Shriver, was invalid as against the creditors of A. J. Nellis, and that the subsequent sheriff's sale thereof to the Crawford Mfg. Co. passed a good title. Various exceptions to this report were filed by the plaintiffs in the original bill, and by defendant A. J. Nellis, executor.   Said exceptions having been overruled by the master and filed with his report, after argument thereof before the court in banc a decree was entered, on February 23, 1887, dismissing the exceptions, confirming the report of the master, and directing an account.

At a hearing before the master, on March 12, 1888, in the matter of the accounting, the solicitors of Shriver and Stokes offered in evidence the stock inventory of Nellis, Shriver & Co., of August, 1880, for the purpose of showing that the A. J. Nellis interest in said firm was worthless, said inventory being that taken nearest in point of time to the sheriff's sale to the Crawford Mfg. Co., having been taken between the time of the levy and the time of the sale.   The offer being objected to, D. R. McIntyre was called, and testified that a book shown him was the office inventory book of A. J. Nellis & Co.; that the witness got it in the safe of said firm ; that he " was there " from February 1882 to March 1887.   On cross-examination, the witness stated that he knew nothing about the inventory of 1880, further than that he saw it on the books, and he knew that the stock there was similar to that on the inventory.   The inventory of 1880 was then offered, objected to, and objection sustained.

On November 8, 1888, the master filed his second report, stating an account between the several partners of Nellis, Shriver & Co., and finding that there was due from the defendants, Shriver and Stokes, to the plaintiffs in the bill, the sum of $33,723.20, on account of the interest of A. J. Nellis.

To this report, defendants Shriver and Stokes filed various

Opinion of the Court.

exceptions. These exceptions having been overruled by the master and renewed on the filing of his report, after argument thereof before the court in banc the court, on February 11, 1889, entered a decree, dismissing the exceptions, confirming the account reported, and ordering, etc., that the exceptants pay to the plaintiffs the sum of $33,723.20, with interest from Febuary 10, 1883. Thereupon the exceptants took this appeal, assigning the dismissal of their exceptions to the first and second reports of the master, the confirmation of said reports, and the decrees of February 23, 1887, and February 11, 1889, for error.

*Mr. Thos. M. Marshall* (with him *Mr. Thos. M. Marshall, Jr.*, and *Mr. A. M. Imbrie*), for the appellants.

As to the refusal of the testimony of A. J. Nellis, counsel cited: Seip v. Storch, 52 Pa. 210; act of March 27, 1865, P. L. 38; O'Connor v. Iron Mountain Co., 56 Pa. 234; Bennett v. Williams, 57 Pa. 404. As to the refusal of the inventory book: Cooper's App., 26 Pa. 262.

*Mr. J. H. White* (with him *Mr. H. A. Miller*), for the appellees.

That a mere stakeholder has no standing to appeal, counsel cited: Craig's App., 38 Pa. 330; Mellon's App., 32 Pa. 121; Gallagher's App., 89 Pa. 29; Herbst's App., 90 Pa. 353. The refusal of the offer of A. J. Nellis's testimony was proper: Hay's App., 91 Pa. 269.

PER CURIAM:

The appellants, Shriver and Stokes, do not appear to have filed any exceptions to the master's first report. Nor had they occasion to, as it did not in any way affect them. The bill was filed to ascertain to whom belonged what may be called the "Nellis interest" in the firm of Nellis, Shriver & Co., and for an account of such interest. The first report merely decided the question of title, and decreed that an account should be taken of such interest. When the account was taken, the appellants became actors. The account was stated against them as members of the firm. That they did not consider themselves interested in the first report, is appar-

Opinion of the Court.

ent from the fact that in their bill filed they disclaimed any title to the interest which was of A. J. Nellis in the firm of Nellis, Shriver & Co., and offered to account to any one who might be found to be the owner thereof. They were mere stakeholders as to said interest, and were in no way affected or prejudiced by said first report, or the decree of the court thereon. It follows, that their assignments of error to said report must be dismissed. They had no standing which entitled them to assign them. See Craig's App., 38 Pa. 330.

We have carefully examined the numerous assignments of error referring to the second report of the master and the decree of the court thereon, and find little that requires comment. Many of them refer to items in the account as stated, and other questions of fact which have been settled by the master and the court below. We do not think it was error to exclude the testimony of Nellis, for the reason that he became a party to the suit as the executor of his wife, upon her death. The suit thus became one against an executor, and the act of 1869 applies. Nor was it error to exclude what was called the inventory book of Nellis, Shriver & Co. It was not properly proved. It is true, the witness, McIntyre, said it was the inventory book of the firm; but he knew nothing of it, and had no knowledge of the business until two years after it was taken. Aside from this, the inventory taken in 1880 had no direct relevancy to the issue before the master. The accountants had admittedly in their hands certain amounts of money which belonged to the Nellis interest. For this and other reasons we do not think it was error to reject the evidence offered to show, in a general way, that the Nellis interest was worthless. This was a novel way to show the amount of a partnership interest in a firm.

The decree is affirmed and the appeal dismissed at the costs of the appellants.