# Rigg's Estate.

*Decedents' estates—Widow's exemption—Practice, O. C.*

1. Where a hearing has been duly had on exceptions to an appraisement for a widow's exemption, a decree of the orphans' court refusing a rehearing will not be reversed where there is nothing on the record to show that such ground was laid for a rehearing as made it the imperative duty of a court to grant it; and where it is not made to appear to the appellate court that there was an abuse of discretion in refusing it.

2. A decree of the orphans' court refusing to confirm a widow's appraisement will not be reversed where the court below in its opinion states that the appraisement was at unduly low and improper figures, and the widow makes no attempt to supply the evidence on the subject, which is alleged to have been lost and not sent up with the record.

Submitted Nov. 22, 1911. Appeal, No. 192, Oct. T., 1911, by Anna M. Rigg, from decree of O. C. Chester Co., refusing to confirm appraisement for widow's exemption in estate of E. Emerson Rigg, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to appraisement for widow's exemption.

BUTLER, J., filed the following opinion:

When this matter was originally heard, the proof presented convinced us that the appraisers had not arrived at their valuations in the exercise of a fair discretion. The evidence then produced demonstrated, without room for any difference of opinion, that by no proper consideration of the question could the property set apart to the widow have been valued at such low figures as the appraisers placed upon it. We were of the opinion that we could not direct another appraisement, as the widow, instead of waiting for the confirmation of the appraisement made, had immediately disposed of the property. Until, or rather, in the absence of a confirmation, the widow had but an inchoate right to the property, and could not lawfully take it over and dispose of it. Assuming that she intended no wrong, the difficulty presented is that she may acquire title to the property only through a lawful appraisement, duly confirmed, and we are powerless to have such an appraisement made, as the property was sold and scattered immediately after it was appraised. "If the appraisement were too low, it must be set aside, as neither the court nor an auditor can make a new one, on evidence taken by them:" Davis's Estate, 5 Kulp, 162. "What is fatal to the decree is that it substitutes a valuation by an auditor for that of the appraisers provided by law. These appraisements of a decedent's goods, are to be made, upon inspection and examination, by men sworn to exercise a sound judgment:" Vandevort's Appeal, 43 Pa. 462.

"By the election and appraisement, the widow has an inchoate or inceptive title to the goods, and if the appraisement is approved, she has then the right to demand the possession from the administrator; but she has no absolute title or right of possession until such approval. It is the duty of the administrator, upon such election and appraisement being made, to retain possession or control of the goods, until confirmation by the court, as he would be

404       RIGG'S ESTATE.

Opinion of Court below—Opinion of the Court.    [48 Pa. Superior Ct.

responsible for them if such confirmation was not had:" Kunkle's Estate, 4 Pa. C. C. Rep. 234.

No formal order or decree was entered in this matter, because it was hoped that an amicable adjustment might be reached, and even now we think the parties in interest should reach an adjustment on the basis of the widow paying to the estate what might be agreed to represent the excess over $300 of value received by her through the property she disposed of.

Confirmation of the appraisement is refused.

*Errors assigned* among others were (1) in holding that the widow had but an inchoate title in the personal property appraised; (2) in refusing to confirm the appraisement, and (4) in refusing the widow a further hearing on the exceptions filed.

*W. S. Harris*, for appellant, cited: Daggett's Est., 7 Pa. C. C. Rep. 338; Bobb's Est., 1 Woodward Dec. 317; Brenner's Est., 15 York L. J. 125; Lafferty's Est., 40 Leg. Int. 58; Runyan's App., 27 Pa. 121; Sipes v. Mann, 39 Pa. 414; Davis's Est., 5 Kulp, 162; Seller's Est., 82 Pa. 153.

*A. M. Holding*, for appellee, cited: Tasker v. Sheldon, 115 Pa. 107; Sipes v. Mann, 39 Pa. 414; McNair v. McLennan, 24 Pa. 384; Kunkle's Est., 4 Pa. C. C. Rep. 234; Kauffman's App., 112 Pa. 645; Greenawault's Est., 16 Pa. Superior Ct. 263.

Per Curiam, December 11, 1911:

Exceptions were filed by creditors of the decedent's estate to the widow's appraisement alleging that certain of the chattels were worth sums "largely in excess" and "far in excess" of the value placed upon them by the appraisers. A hearing was had, at which the evidence was taken, and the matter was held under advisement. Before it was disposed of by final order, the widow obtained a rule to show cause why a further hearing should not be

had.   If any formal petition was presented for rehearing, it is not printed in the appellant's paper-book.   But we infer from what is stated in her paper-book, and from the affidavits of the witnesses which the counsel says he presented to the court, that the purpose was to enable the widow to present the testimony of other witnesses.   So far as we can ascertain from the paper-book, and also from the original record, no such ground was laid for a rehearing as made it the imperative duty of the court to grant it for the purpose stated.   Nor does it satisfactorily appear that there was an abuse of discretion in the refusal to grant it.   We therefore overrule the fourth assignment.

The final order in the proceeding was: "Confirmation of the appraisement is refused."   In the opinion accompanying this order, the court says: "When this matter was originally heard, the proof convinced us that the appraisers had not arrived at their valuations in the exercise of a fair discretion.   The evidence then produced demonstrated, without room for any difference of opinion, that by no proper consideration of the question could the property set apart to the widow have been valued at such low figures as the appraisers placed upon it.   We were of the opinion that we could not direct another appraisement, as the widow, instead of waiting for the confirmation of the appraisement made, had immediately disposed of the property."   The testimony taken on the exceptions is not printed nor sent up with the record, it being alleged by counsel for the appellant that the notes of the stenographer had been lost.   It does not appear, however, that any effort was made to supply them.   Therefore, the appellant is not in position to question the statement of facts contained in the opinion, and these being the facts, it is quite clear that the court committed no error in refusing its approval of the appraisement.   While a creditor may not control the election which the statute has given to the widow, he may intervene to prevent the confirmation of an "unfair and inadequate appraisal:" Graves's Estate, 134 Pa. 377.

We need not discuss the first assignment, because the remarks of the court there alluded to form no part of the decree brought up for review.

The assignments of error are overruled, and the decree is affirmed at the costs of the appellant.