# Account of Harry T. Correll, Receiver.

*Receivers—Accounts—Setting aside confirmation of account.*

1. A court of first instance has the power to set aside a confirmation of the account of a receiver appointed by it, if an application for the purpose is made and pursued with due diligence.

*Receivers—Accounts — Mingling trust and private funds—Interest.*

2. It is grossly improper for a receiver to mingle the trust funds with his own and use them in his business.

3. If he has done so, in good faith, with the consent of all who are believed to be beneficially interested, he may be charged with interest and not deprived of his commissions; if consent, or some equally strong excuse, is not shown, however, his commission also will be disallowed.

*Equity—Equity rules—Statutory authority for—Construction of rules.*

4. The equity rules, and amendments thereof, being adopted under statutory authority have the force and effect of an act of assembly.

5. Unless it is otherwise provided, such rules will be construed to operate prospectively only.

*Receivers—Distribution—Award of funds—Stakeholder.*

6. In matters of distribution, a receiver is a mere stakeholder, and cannot be heard to allege error in the court's award of the funds in his hands.

Argued March 24, 1925.   Appeal, No. 9, March T., 1925, by Harry T. Correll, Receiver, from decree of C. P. Cambria Co., Dec. T., 1920, dismissing exceptions to report of auditor in re account of Harry T. Correll, Receiver of Penn Central Railway.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Exceptions to report of Roman C. Widmann, Esq., Auditor.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Harry T. Correll, Receiver, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Donald E. Dufton,* for appellant.—Appellant contends that the appointment of Mr. Widmann as auditor was in disregard of Equity Rule 59 of the Supreme Court, adopted December 30th, 1920, discontinuing the office of auditor to settle and adjust the account of a receiver, and in disregard of Rule 70½, providing for accounting and distribution, adopted at the same time.

The equity rules adopted by the Supreme Court, under the authority of the Act of Assembly of June 16, 1836, P. L. 784, have the force of a statute, and must be strictly complied with, and the courts of common pleas can neither disregard nor suspend or adopt other rules inconsistent with them: Palethrop v. Palethrop, 184 Pa. 585; Chester Traction Co. v. R. R., 180 Pa. 432; Lincoln v. Africa, 228 Pa. 546; Duncan v. Pittsburgh F. F. G. Assn., 281 Pa. 280.

Where there is nothing in the administration of the trust to convict a receiver of want of integrity or good faith, the mere want of foresight or error of judgment in managing the business, is no reason for denying him compensation when the trust has been administered with reasonable success: Seamans v. United Lumber Co., 281 Pa. 404.

*F. J. Hartman,* with him *George E. Wolfe* and *D. P. Weimer,* for appellees.—A receiver is not entitled to compensation when he used the trust funds for his own personal use and mingled them with his own moneys: Schwartz v. Oil Co., 153 Pa. 283; Pangburn v. American Vault, etc., Co., 205 Pa. 93.

OPINION BY MR. JUSTICE SIMPSON, April 13, 1925:

Appellant's account as receiver was advertised as required by the rules of the court below, was confirmed sec. reg. because no exceptions were filed, and an auditor was appointed to make distribution of the balance shown by it. This was before our promulgation of the amendments to the equity rules, requiring such accounts to be audited by the court in which they are filed. Owing to ill health, the auditor was unable to continue in the performance of his duties, and another was appointed to complete the work. This appointment was made after the adoption of the amendments above referred to, but no one objected to it, and the hearings proceeded.

In the course thereof, it appeared probable that appellant had mingled the trust funds with his own, and had used a large part of them in his private business. Application was thereupon made to the court below to open the confirmation of the account (so far as it related to his commissions), an answer was filed, testimony taken, the confirmation was opened and this matter was also referred to the auditor. Appellant was a very recalcitrant witness, would give no information until compelled to, and, after all his dilatory tactics had failed, for the first time objected "That neither under the equity rules of Pennsylvania, nor the auditor's appointment, is there any matter in regard to the account which can be properly inquired into in this proceeding, nor has the auditor jurisdiction to change any matters as contained in the account." From the context, it would appear as if this objection was based solely on appellant's claim that the court below was without power to open the account which had been confirmed, but it is now alleged to have been intended to raise also the question as to whether or not the appointment of the auditor was in violation of the amended equity rules.

The auditor reported that the receiver had forfeited all right to compensation, allowed all the other credits claimed, and advised a distribution of the balance, thus

ascertained, among the creditors of the railway company. Appellant's exceptions to the report were dismissed, a final decree was entered and this appeal followed. In this court, four questions are raised:

1. Pending distribution of the balance appearing in an account, can the court open the confirmation of it, for the purpose of allowing evidence to be produced touching one of the items for which credit is claimed. The only reason given to support the allegation that this cannot be done, is the assertion that it would be a collateral attack on the account. Clearly this is a mistake, however, for the attack is a direct one against allowance of the disputed item. Aside from this, a court of first instance has the power to set aside a confirmation of the account of its own officer, not entered after a hearing, if an application for the purpose is made and pursued with due diligence, as it was here.

2. Should the compensation to the receiver have been disallowed, since, as he says, the trust funds "were not used [by him] for investment or speculative purposes"? He admits, however, that they were wrongfully used by him in his business. The additional hazard to which they were thus subjected was grossly improper, and there is abundant authority that this alone operates to deprive a fiduciary of all commissions: 26 R. C. L. 1393; 24 C. J. 998. While we have held that such wrongful conduct may be explained, and if it appears the assets were so used, in good faith, with the consent of all who were believed to be beneficially interested, the fiduciary will be charged with interest, but not deprived of his commissions (Patrick's Est., 162 Pa. 175); beyond this, unless some equally strong excuse is shown, we are not willing to go. In the instant case, appellant not only wrongfully used the trust funds without consent, but he also sought in every way to conceal what he had done, even going so far as to file an affidavit in the court below, stating they had not been so used; and he further did everything in his power to prevent the court and its

auditor from ascertaining the truth. He never would disclose all the relevant facts on the subject, and some of them are still known only to him. Such conduct was inexcusable and justified the disallowance: Clauser's Est., 84 Pa. 51.

3. Did the amended equity rules make the appointment of the auditor invalid, and render nugatory all that he did? If appellant thought they did, he should have made prompt application to the court to vacate the appointment, but this was not done. Apparently he preferred to trust to the auditor finding in his favor, and, if the worst resulted, to rely on the misleading objection above quoted. Even if we could suppose the auditor might have understood it as appellant now says he intended it, still he had no right to expect the auditor to rule against the power of the court to make the appointment, while conducting a proceeding in the course of that appointment. Moreover, the equity rules, having the force and effect of an act of assembly, because adopted under statutory authority (Chester Traction Co. v. Phila., Wilmington & Baltimore R. R. Co., 180 Pa. 432), must, in the absence of a provision to the contrary, be construed, like statutes, to operate prospectively only: Sproul v. Standard Plate Glass Co., 201 Pa. 103. The rules under consideration contain no suggestion of being intended to operate retrospectively, and hence, as the new auditor was only appointed to complete the performance of duty properly cast on his sick predecessor, this contention is also unavailing.

4. The final objection is that the claims of some of the creditors were not properly proved. This is a subject of no concern to appellant. In matters of distribution he is a mere stakeholder, and as he can only be required to pay the fund once, he cannot be heard to allege error in the court's award of it: Craig's Appeal, 38 Pa. 330; Crawford v. Shriver, 139 Pa. 239, 244; Behringer's Est., 265 Pa. 111.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.