## Benner v. Benner, Administrator, et al.

*Robert Trucksess*, for plaintiff.

*Wallace M. Keely*, for defendants.

KNIGHT, P. J., February 8, 1935.—Daniel R. Hartzell, a resident of Woxall, this county, died on November 24, 1933. During his last illness he was attended by the plaintiff, a physician.

Daniel R. Hartzell died intestate, leaving to survive him, a widow, Mary Ellan Hartzell, and next of kin, a nephew, Howard Hartzell. The decedent owned, at the time of his death, a house and five acres of land, situated at Woxall.

No letters of administration on the estate of Daniel R. Hartzell, were taken out by the widow, who is now deceased, and the plaintiff, being a creditor of the estate for services rendered the decedent, applied for letters of administration, which were granted to him on November 22, 1934.

This suit is brought against the administrator of the estate of Daniel R. Hartzell, the heir, Howard Hartzell, and the alienees of the land above mentioned, under the

provisions of section 15(a) of The Fiduciaries Act of June 7, 1917, P. L. 447, as supplemented by the Act of June 7, 1919, P. L. 412, to obtain and continue a lien upon the real estate of the decedent.

No affidavit of defense has been filed by the administrator, or the heir, but the alienees of the real estate have filed an affidavit, in which they aver that Mary Ellen Hartzell, widow of Daniel, presented her petition to the Orphans' Court of Montgomery County, on January 29, 1934, setting forth her husband's decease, and asking the court to set apart for her use, the real estate above mentioned, as her widow's exemption.

The affidavit further avers that the petition was in proper form, and that in accordance with the provisions of the law, appraisers were appointed, who appraised the said real estate, as of the value of $450, whereupon the court on January 29, 1934, decreed that the said realty be set apart and awarded unto the said Mary Ellen Hartzell, as her widow's exemption.

The affidavit admits the averment of the statement, that on February 7, 1934, the widow sold the real estate to Ruben and Emma Allen, defendants herein, for the sum of $1,000.

The sufficiency of this affidavit is now questioned.

The Fiduciaries Act of 1917 makes the debt of a decedent a lien on his real estate for 1 year after the death.

By section 15(a) of the act, it is provided that this lien may be continued by suit against the personal representatives of the decedent, in which suit the heirs and alienees of the land may be joined as parties defendant. Here the plaintiff has joined the heir and the alienees of the land as defendants.

It is apparent that as to those defendants, the action is one in rem, and the merit of their defense depends on whether the lien of the plaintiff's claim existed at the time the suit was instituted.

Without entering into a long discussion, it is sufficient

to say that a claim for widow's exemption takes precedence over the claims of all creditors, except those having liens arising from purchase money obligations: Remick, Pennsylvania Orphans' Court Practice, 288; Graves' Estate, 134 Pa. 377; Kozariewicz's Estate, 17 Lack. Jur. 272; Weir's Estate, 10 Pa. C. C. 187; Norton's Estate, 4 Dist. R. 198; Groome's Estate, 7 Pa. C. C. 519.

The exemption of Mrs. Hartzell then had priority over the claim of the plaintiff, even though it were a preferred claim.

At the argument, counsel for the plaintiff sought to attack the validity of the proceedings in the orphans' court, by which the land in question was set aside to the widow, pointing to the admitted fact that the widow sold the land 9 days after the decree, for more than twice the sum for which it had been awarded to her.

The decree of the orphans' court cannot be attacked collaterally in this court: Merion Title & Trust Company of Ardmore v. Stadelman, 12 Dist. R. 641; nor for that matter, in the orphans' court: Heinbach's Estate, 19 Schuyl. L. R. 348; Scott's Estate, 18 Pa. Superior Ct. 375. The decree in the orphans' court vested title to the land in question in the widow absolutely. That decree stands unimpeached, and is binding upon this plaintiff.

And now, February 8, 1935, the motion for judgment for want of a sufficient affidavit of defense, is overruled.

From Aaron S. Swartz, Jr., Norristown.