## Koss' Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Benjamin H. Levintow*, for accountant.

*Hymen Schwartz*, for widow.

LADNER, J., July 2, 1947.—On November 6, 1946, Bella Koss, widow of Morris Koss, who died September 17, 1946, filed her petition averring that she was married to decedent on August 4, 1940, and that she claimed certain real estate of decedent, viz., 3213 Monument Avenue, Philadelphia, as her widow's exemption under section 12 of the Fiduciaries' Act of 1917. The petition in proper form prayed that said property be set aside to her, subject to the lien of the mortgage thereon, and subject to the payment of the difference between the credit for her exemption and the valuation to be fixed by appraisers whose appointment was prayed for.

Thereafter, this court duly appointed two appraisers who, on November 29, 1946, filed their appraisement, appraising the property claimed by the widow at $3,700.

Exceptions were filed December 15, 1946, to the confirmation of this appraisement by Anna E. Snyderman, a judgment creditor of decedent, and stepdaughter of the widow, exceptant being a child of decedent by a previous marriage.

On February 7, 1947, Ruthven K. Snyderman, a grandson of decedent whose wife, Selma E. Snyderman, was the sole devisee under decedent's last will, filed a petition upon which a citation was allowed, directed to Bella Koss, the widow, to show cause why an order should not be made authorizing the administrator to collect the rents of the premises claimed by the widow for her widow's exemptions. And on the same day a further petition praying for a citation against the widow to show cause why the same premises should

not be sold at private sale for the sum of $6,000, subject to the existing mortgage of $2,500 was filed. Citations having been awarded, counsel for the widow filed preliminary objections to both petitions, which came on to be heard at the March 1947 argument list.

On March 19, 1947, a decree was entered, giving petitioner leave to amend his petition by annexing thereto the agreement of sale, etc., and it was ordered that upon the filing of a further answer to said petition, together with the petition for leave to collect rents, and answer thereto, as well as exceptions filed to the report of the appraisers to set aside the real estate as the widow's exemption, be referred to the writer of this opinion for hearing and disposition.

These matters were all heard by me on April 10, 1947. It is clear that the petition to collect rents and the petition for leave to sell at private sale raise no issue of fact, and will therefore be disposed of in this opinion for the court en banc as a question of law.

The testimony received in support of the exceptions to the widow's petition will be disposed of by me as a hearing judge's opinion in a separate opinion which will be filed simultaneously herewith.

The single question raised by the pleadings is whether this court has power, on petition of decedent's personal representative, to direct or approve a sale of real estate for payment of debts notwithstanding the fact that said real estate has been claimed by the widow as her widow's exemption. We conclude we have not.

The right of a widow to her exemption of $500 is fixed by section 12 (a) of the Fiducaries' Act of June 7, 1917, P. L. 447, 20 PS §471, which the commissioners report was founded on: section 5 of the Act of April 14, 1851, P. L. 612, as subsequently amended. Section 12 (a) of the Fiducaries' Act of 1917 reads:

"The widow . . . may retain or claim either real or personal property, or the proceeds of either real or

personal property, belonging to said estate, to the value of (five hundred dollars) ; *and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children.* It shall be the duty of the executor or administrator of such decedent to have said property, if personal, appraised and set apart to said widow or children by the appraisers appointed to appraise the other personal estate of the decedent; or, if real, then by two appraisers to be appointed by the orphans' court, who may be the same persons appointed to appraise the personal estate." (Italics supplied.)

The plain language of the act, that the property, real or personal, claimed by the widow, *shall not be sold,* sets at rest the contention of counsel for the administrator, c. t. a., that his petition to collect rents of the real estate claimed, for the benefit of the creditors, and that his petition to sell the same for a price greater than the appraisement should take precedence over the claim of the widow.

There is abundant authority sustaining our interpretation of this act, if there were any doubt as to its plain mandate. Thus in Graves' Estate, 134 Pa. 377 (1890), it was said of the earlier Widow's Exemption Act of 1851, from which section 12 was copied, that it clearly confers upon the widow or children of decedent the *right* to elect in what property they shall take the exemption thereby allowed, whether realty or personalty, with the single restriction that the selection of real estate shall not impair any lien for its purchase money. In that case it was also ruled that while the creditor of an insolvent estate may interfere to prevent the consummation of an unfair and inadequate appraisement, he cannot control the election given by statute, nor does the holder of an ordinary judgment lien have any better standing in this respect than a general creditor, for a judgment lien, even

though entered in decedent's lifetime, is subordinate to a claim of a widow's exemption and is no obstruction to the exercise of her right of election. If lien creditors cannot prevent the widow's selection, a fortiori, the personal representative of decedent cannot, on behalf of general creditors, supersede her selection. Only a purchase-money judgment lien or a mortgage, whether purchase money or not, takes precedence over the widow's exemption, unless the judgment lien has priority over a mortgage lien: Miller's Appeal, 122 Pa. 95.

That a widow's choice cannot be restricted, whether she selects as her exemption real or personal property, has been ruled in a number of cases both under the present act as well as its predecessor and her selection will be upheld even though it be property specifically devised: See Bobbs Estate, 1 Woodw. 317 (1866), Gourley's Estate, 11 Dist. R. 429 (1902), Dotson's Estate, 28 Pa. C. C. 9 (1902), Craig's Estate, 30 Dauphin 273 (1926), and Ackerman's Estate, 35 D. & C. 416 (1938).

The administrator c. t. a.'s petitions for leave to collect rents and to sell the real estate selected by the widow, for payment of debts, are dismissed.