## Stachnick Estate.

Submitted January 7, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*S. U. Colbassani* and *Ernest J. Gazda,* for executor.

*Walter W. Kaczmarek* and *Sidney Grabowski,* for widow.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1954:

The two appeals relate to decrees of the Orphans' Court of Lackawanna County. One appeal is by the executor (a co-devisee and co-legatee) from a decree allowing a family exemption of $750 to the surviving widow, under the Fiduciaries Act of April 18, 1949,

P. L. 512, art. II, sec. 211, 20 PS 320.211, out of specifically devised real estate. The other appeal is by the widow from decrees ordering her to surrender to the executor possession of the real estate awarded to her as the "family exemption". The surrender was decreed in order to permit the executor to operate a beer garden business on the premises pending the outcome of this litigation. John Stachnick, the testator, died October 24, 1950. His will was probated October 30, 1950. He left surviving his widow, Kathryn Stachnick, but no issue. By the will testator made various devises and bequests which need not be recited as they are not involved in this litigation. Testator by the fifth item of his will devised premises 317 Vine Street, in the Borough of Old Forge, together with the beer garden thereon and its furniture and fixtures, to Walter Ferrett and Roman Ferrett. He charged this devise and bequest with the payment of specific sums of money to various named individuals. Walter Ferrett was appointed sole executor to whom letters testamentary were granted.

According to unchallenged allegations in the pleadings, on January 3, 1951, the widow elected to take against the will.

On January 6, 1953, the widow claimed $750 as the "family exemption" under the Act of 1949, supra, out of premises 317 Vine Street which had been specifically devised as above recited. Appraisers appraised the premises at $3,500. By decree of March 9, 1953, the court awarded the premises to the widow in settlement of the statutory family exemption, subject to the payment by her of $2,750—the difference between the amount of the appraisement of $3,500 and the $750 allowance. The decree also provided with respect to the payment of $2,750 that: ". . . *one-half thereof [be paid] unto [the widow] and the other one-half thereof unto [the executor] for the benefit of the heirs and*

*legatees entitled thereto . . ."* The widow was entitled to one-half of this sum, or $1,375, because she had elected to take against the will. The amount of the "family exemption" is *in addition* to her distributive share whether or not the spouse dies testate or intestate: Act of 1949, supra. See *Compher v. Compher,* 25 Pa. 31. A testator may not, by testamentary provision, prevent the granting of the exemption: *Peeble's Estate,* 157 Pa. 605, 27 A. 792.

In appeal No. 13 appellant is the executor. Ordinarily an executor or fiduciary is not entitled to appeal since he is merely a holder of the estate's assets for the purpose of distribution. As executor he has no interest in the outcome of the litigation: *Correll, Receiver's Account,* 283 Pa. 277, 129 A. 104; *Hand's Estate,* 288 Pa. 569, 136 A. 864; *Reese's Estate,* 317 Pa. 473, 177 A. 792. In this case, however, the executor-appellant is also a co-devisee and co-legatee, hence the appeal may be considered in his individual capacity: *Holben's Estate,* 299 Pa. 348, 149 A. 598.

Appellant's contention in this appeal is that the general plan of the testator will be disturbed by the widow's election to take against the will and her exemption, in that it will cause a substantial inequality to the devisees. But a surviving spouse who elects to take against a will where there is no issue is entitled to one-half of the real and personal estate of testator: Wills Act of April 24, 1947, P. L. 89, sec. 8, 20 PS 180.8. As the record discloses no forfeiture of this right she takes one-half of her husband's estate as if he had died intestate. No question with respect to the widow's *election to take against the will* is before us, except as to payment by her of $1,375, being one-half of $2,750 as above recited.

The devisee's objection to the widow's claim of $750 out of the real estate, as the family exemption, is without merit. Section 211 of the Fiduciaries Act of 1949,

supra, provides that the spouse may retain and claim
as such family exemption "real or personal property".
Under the Act of April 18, 1949, P. L. 512, art. II, sec.
213 (b), 20 PS 320.213 (b), where such real estate is
valued at more than the amount claimed and the court
confirms the amount of the appraisement ". . . the
[claimant] . . . shall pay the amount of the valuation
in excess of the amount claimed . . ." There is nothing
in the Act which limits the choice of the spouse. Real
estate may be selected without exhausting the personal
property. Real or personal property specifically de-
vised or bequeathed may be chosen: *Graves's Estate*,
134 Pa. 377, 19 A. 684; *Lane's Estate*, (STEWART, P. J.),
6 Dist. 618; *Gourley's Estate*, (PENROSE, J.), 11 Dist.
429.

It is true that the real estate valued at more than
the exemption will not vest until the excess is paid:
sec. 213 (c) of the Act of 1949, supra. But counsel
have stipulated that in compliance with the court's
decree the widow tendered to the executor the amount
of such excess value, to wit: $1,375 (being one-half of
$2,750). The executor declined the tender. The ex-
ecutor is directed to receive and the widow to pay the
sum of $1,375 as ordered by the court below.

Testator's widow, Kathryn Stachnick, appeals in
No. 38 from degrees of the Orphans' Court of April 8,
1953 and July 8, 1953, directing her to surrender pos-
session of the awarded real estate to the executor in
order that he may "continue the business, pending the
disposition of this litigation".

In the paper book of the executor-appellee it is
stated that the premises so awarded to the widow as
the family exemption had been used by testator as a
beer garden or restaurant, but has been vacant and
not in use or occupied since the death of the testator
on October 24, 1950. Apparently there is a contest
over the ownership of the liquor license formerly owned

by testator. The executor claims it either as executor or for himself individually and his co-legatee. The widow also claims it as her individual property. Cf. *Buck's Estate,* 185 Pa. 57, 39 A. 821; *Mueller's Estate,* 190 Pa. 601, 42 A. 1021; *Aschenbach v. Carey,* 224 Pa. 303, 73 A. 435; *Pichler v. Snavely,* 366 Pa. 568, 79 A. 2d 227; *Ryan Estate,* 375 Pa. 42, 99 A. 2d 562. The Liquor Control Board apparently awarded the license to the executor, but for the benefit of the estate. The court, by the decrees appealed from, granted the executor permission to continue the business under the license pending this litigation. Without supporting facts and circumstances, it would appear anomalous to award real estate to a widow as her exemption and, at the same time, by another decree, direct her to surrender possession of the real estate in order that the executor might conduct or revive a business therein—whether for the benefit of the estate or ultimate advantage of the executor individually or as co-owner, to be subsequently determined. There is no testimony as to whether or not the conduct of the business would require occupancy of the whole premises or only part thereof. We agree with appellant that nowhere in this record does it appear how the estate would be benefited by reviving or resuming a business which has been discontinued and where the premises on which the business was conducted has been vacant for such a long period. No inventory or account has been filed by the executor. It is not disclosed what assets are in his possession or the extent of the debts of testator. Furthermore, there is no testimony as to what obligations would be incurred by the executor in reviving or resuming the conduct of the business and the probable profit or loss from its operation. We will not consider *in this appeal* the suggestion of appellee that the widow's claim for the family exemption was untimely and therefore forfeited because of laches. No excep-

tions were filed to the allowance and no such objection was made thereto in *that appeal.*

The record is remanded with direction to the court below to proceed as herein indicated. An account must be filed by the executor and audited. At the audit testimony should be received concerning all the facts and surrounding circumstances. Findings of fact and conclusions of law should be filed by the court below determining ownership of assets (except as herein decided) and a definitive decree of distribution entered.

Appeal No. 38 of Kathryn Stachnick is sustained and the decrees reversed. Costs to be paid by appellee, Walter Ferrett, individually.

Appeal No. 13 of Walter Ferrett, executor, is dismissed, and the decree affirmed, at the cost of Walter Ferrett, individually.