# Mary E. Compher *versus* A. Compher *et al.*

The widow has a right to retain real or personal property to the amount of $300 from the estate of her deceased husband under the Act of 1851, whether he died testate or intestate, solvent or insolvent.

It is the duty of the personal representative to set aside this amount to the widow upon request made—to be approved as prescribed by the Act of 1849.

Acceptance by the widow of a provision under the will of her husband does not deprive her of this right. So much of the estate is withdrawn from the general course of administration, and appropriated by law to the use of the "widow and family."

When the executors refuse to allow the property to be appraised and remain with the widow, she may sue in the Common Pleas for damages for the injury.

Error to *Bedford county.*

Philip Compher died in November, 1853, leaving a widow, and real and personal estate which he disposed of by his will, dated 2d November, 1853, admitted to probate 18th November, 1853.

By his will he gave to his wife, the plaintiff, "to the amount of $300, to be taken by her at the appraisement or valuation of his estate" directed to be made by the will. Before the appraisement, and at the sale, the widow gave notice to the executors that she claimed (in addition to the legacy) $300 worth of the personal property, under the exemption laws of the Commonwealth, which they refused to allow. On the day of the appraisement the executors handed over to her, and she received, the $300 worth of property bequeathed as above, for which she gave a receipt, which contained the following clause: "This receipt in no way to affect or impair my right to retain $300 worth of property, under the exemption laws of this Commonwealth relating to widows and children, November 19, 1853, if any such right I have."

[Compher *v.* Compher *et al.*]

The testator left real estate worth from three to four thousand dollars; and the appraisement of his personal estate amounted to about $900.

The will also directed the brother of the testator, to whom the real estate was devised, to pay the widow $40 (yearly) during her widowhood.

This suit was brought to recover the $300 claimed by virtue of the exemption acts, exclusive of, and in addition to, the above legacies.

Judgment for plaintiff.

*King* and *Jordan,* for plaintiff in error.—The Act of March 14, 1851, exempts $300 worth of property from execution, &c.   The Act of 1851 provides that " hereafter the widow and children of any decedent dying in this Commonwealth, *testate* or *intestate,* may retain either real or personal property belonging to the estate, to the value of $300, and directs that the said property shall be appraised in the manner prescribed by the Act of 1849. 1st. The testator had a right to dispose of all his estate by will under the Act of 8th April, 1833, and did so dispose of it.   The defendant has received her legacy under the will, and her annuity, so far, has been paid to her; can she now recover adversely to the will?

By the spirit of the 11th section of the Act of 8th April, 1833, and of the 11th section of the Act of 1848, the widow cannot take under the will of her husband and the intestate laws.   She must take under one or the other.   To this effect are numerous authorities: Benedict *v.* Montgomery, 7 *W. & Ser.* 238; Hinnershits *v.* Bernhard's Executors, 1 *Harris* 518; Melizet's Appeal, 5 *Harris* 449.

If the words "*testate* or intestate" in the Act of 1851 will enable the plaintiff to recover, they must operate a repeal of the Act of 1833 in this respect; and this although the Act of 1851 has no repealing clause or negative words.   As to the implied repeal of one statute by another, see The Easton Bank *v.* The Commonwealth, 10 *Barr* 448; 2 *Dwarr. on Statutes* 638, 673; 4 *T. R.* 2, 4; Rex *v.* Boston, 12 *A. & E.* 470; 24 *Pick.* 296–7–8; *Bac. Abr. Stat.* D.; Forte's Case, 11 *Coke* 63; Watson's Case, *Dyer* 347.

Apparently conflicting statutes are to be reconciled, and validity given to each: Beals *v.* Hale, 4 *How. U. S. Rep.* 37.   The Act of 1851 can only apply to cases of testacy when the whole estate is not disposed of.   And see 9 *Harris* 43.

By taking under the will the plaintiff was estopped from recovery in the present action.   See Benedict *v.* Montgomery, 7 *W. & Ser.* 238; Shoble *v.* Smith, 8 *Watts* 280; Wilson *v.* Bigger, 7 *W. & Ser.* 117.

[*Compher v. Compher et al.*]

The remedy of the plaintiff, if any, is in the Orphans' Court. The claim is one upon the assets of the estate in the hands of the executors, and comes within the jurisdiction of that Court. See Withers *v.* Weaver, 10 *Barr* 390-1.

*Cessna,* for defendant in error.—The whole law regulating wills and inheritances is of the creation of the legislature. If the laws anterior to 1851 had the power to give the widow, in the case of issue, one-third of the personal estate of decedent, and on failure of issue one-half, what was there to restrain the legislature from adding thereto $300 in 1851? See Lancaster *v.* Bonnmarter, and Gilman's Estate (Orphans' Court, Philadelphia).

The claim is not adverse to the will. The property claimed is not embraced by its provisions. If it should reduce the legacies, this is no reason why it should not be allowed.

The argument relating to the report of the statute of 1833 has no application.

2d. As to the remedy. By the Act of 1849, the sheriff serving the writ was required to appraise the property. By the Acts of 1850 and 1851, this duty is imposed upon the executor or administrator, and to *set apart* the property. In all the acts the object is declared, to *exempt* property, and not to give money. And in Hammer *v.* Freese, 7 *Harris* 255, it was decided that the only remedy against the *officer,* if he fails to comply with his duty, is by action. The party cannot come upon the fund. Under the Act of 1851, the executor is the officer. We do not seek this property from him or them as assets of the decedent; we seek to make them pay because they have disregarded a plain duty. They were bound to *set apart* the property for the widow. If they took it they were trespassers, and are liable in this action.

The opinion of the Court was delivered by

KNOX, J.—The right of a widow to retain real or personal property to the amount of $300 from the estate of her deceased husband, is given by the 5th section of the Act of 14th March, 1851, and that too whether her husband dies testate or intestate, solvent or insolvent. So much of the estate belongs to her and her children, if she has any, for the use of the family. If she has no children, it is hers absolutely; and it is the duty of the personal representatives to set aside this amount for the widow upon request made, to be appraised in the manner prescribed by the Act of 1849. Her right to this is superior to that of creditors, unless in cases of liens for the purchase-money of real estate elected to be retained, and of course it is to the exclusion of the legatees.

Where a widow accepts a provision made for her in the will of her husband, she cannot claim her rights under the intestate laws; but this does not apply to the $300 which she is authorized to

[Compher *v.* Compher *et al.*]

retain by the Act of 1851. So much of the estate is withdrawn from the general course of administration, and specifically appropriated by law to the use of the " widow and family ;" and this is so whether the widow elects to take under the will, if there be one, or prefers her statutory rights in the distribution of the estate.

By the Act of 9th April, 1849, $300 worth of property is exempted from levy and sale on execution, or warrant of distress for non-payment of rent ; and by the Act of 14th April, 1851, property to the same amount is preserved to the widow or children, for the benefit of the family after the decease of the husband. This is a highly beneficial provision, and we will not lessen its value by construing its claim to work a forfeiture of other independent rights.

As to the question of jurisdiction ; ordinarily, the benefit to be derived from the Act of 1851 should be under the supervision of the Orphans' Court, but where, as in the case in hand, the executors refuse to allow the property to be appraised and remain with the widow, and convert the whole estate into money, we can see no good reason why she may not bring suit in the Common Pleas to recover damages for the injury sustained.

Judgment affirmed.