## Stineman's Appeal.

A testator devised as follows:—"I direct that my wife, C. S., shall receive so much of my estate as she is justly entitled to, by the laws of this Commonwealth, and no more:" *Held*, that the widow, claiming under the will, in addition to her thirds of the estate, was entitled to the $300 allowed to widows by the Act of 14th April 1851.

In such case, it is not necessary that the widow should claim the $300 in the mode prescribed by the Acts of 1849 and 1851. The intestate laws fix the *measure* of her claim, but not the *form* of it.

Executors, as such, have no right to appeal from a decree distributing the funds in their hands.

Appeal from the Orphans' Court of *Cambria county*.

This was an appeal by Jacob Stineman, Jr., and T. L. Heyer, executors of Jacob Stineman, deceased, from the decree of the court below making distribution of the estate in their hands.

Jacob Stineman, by his last will and testament, proved on the 12th October 1853, devised as follows: "I direct that all my real and personal estate, of which I shall die seised or possessed, shall be sold by my executors for its reasonable value, for current money, or such credit, and the amount thereof secured in 'such manner, as is usual in like cases, to insure the full and punctual payment thereof; and to effectuate this my intention, I do hereby vest in my executors, full power and authority to dispose of my real estate, in fee simple, in as full and large a manner, in every respect, as I could myself do, if living."

He then directed the proceeds of the sales of his real and personal estate to be divided among his children, including the said Jacob Stineman, Jr., one of the appellants; and provided for his wife, as follows:—"I direct that my wife, Catherine Stineman, shall receive so much of my estate as she is justly entitled to, by the laws of this Commonwealth, and no more."

The widow claimed under the will; and before the auditor appointed by the court below to make distribution of the estate of the testator, in the hands of his executors, she claimed, in addition to her thirds of the estate, to receive the $300 allowed to widows by the Act of 14th April 1851.

The auditor reported in favour of the widow's claim to the

[Stineman's Appeal.]

$300; and his report having been confirmed by the Orphans' Court, and distribution decreed accordingly, this appeal was taken by the executors.

*R. L. Johnston*, for the appellants, cited Neff's Appeal, 9 *Harris* 246; Winchester *v.* Costello, 2 *Pars.* 279; Hammer *v.* Freese, 7 *Harris* 255; Rogers *v.* Waterman, 1 *Casey* 182; Weaver's Appeal, 6 *Harris* 309; Bowyer's Appeal, 9 *Id.* 210.

*A. Kopelin*, for the appellee.

The opinion of the court was delivered by

Lowrie, C. J.—The appellants, as executors, have no right to object to this distribution; but as legatees they have. We have therefore considered their complaint, and find it to be unfounded.

The testator gives to his widow so much of his estate "as she is justly entitled to by the laws of this Commonwealth, and no more." This, of course, includes the $300 allowed to widows in all cases. It is urged, however, that she ought to have claimed this in accordance with forms of the Acts of 14th April 1851, and 9th April 1849. But we do not think so. To claim under those Acts, she must follow their forms; but claiming under the will, she must await its execution. It requires all the personal estate to be sold; and claiming under the will, the widow must let this be done. We do not, therefore, look to the intestate laws for the *form* of her claim, but for the *measure* of it. She is entitled to claim $300 at the distribution, and so the court below decided.

Appeal dismissed, at the costs of the appellants.