In re Estate of Calvin A. Simons, deceased.  Exceptions to Widow's Appraisement and Inventory.  Syrena E. Simons, deceased widow.  Appeal of A. J. Adams.

*Widow's exemption—Allowance subject to lien of judgment.*

The fact that land claimed by a widow under her exemption is incumbered by a bona fide judgment, claimed to be for purchase money, is not sufficient of itself to prevent the confirmation of the appraisement when the title to the land, vested in her thereby, is made subject to the lien.

Argued Jan. 17, 1899.  Appeal, No. 4, Jan. T., 1899, by A. J. Adams, from decree of O. C. Susquehanna Co., Jan. T., 1896, No 45, dismissing exceptions to widow's appraisement and inventory.  Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.  Affirmed.  Opinion by ORLADY, J.

Exceptions to auditor's report.  Before SEARLE, P. J.

It appears from the record that decedent died intestate and his widow filed a claim for widow's exemption.  The widow's inventory was filed appraising and setting apart to the widow all the real estate of her late husband valued at $250.  Exceptions to the widow's exemption were filed by A. J. Adams, a judgment lien creditor, on the ground, inter alia, that his judgment was for purchase money.  The matter was referred to an auditor who dismissed the exceptions to the inventory.  The court below dismissed the exceptions to the auditor's report without prejudice to any rights A. J. Adams may have by virtue of said judgment against Calvin A. Simons, deceased, and confirmed the appraisement subject to the rights of said Adams under and by virtue of said judgment.  A. J. Adams appealed.

14                    SIMONS'S ESTATE.

Assignment of Error—Opinion of the Court. [11 Pa. Superior Ct.

*Error assigned* among others was in confirming the auditor's report.

*Edson W. Safford,* for appellant.—The judgment, No. 202, April term, 1880, A. J. Adams v. Calvin A. Simons, debt $44.00, interest from February 25, 1879, was admitted in evidence.

The only other material question was whether this judgment was for purchase money. If it was, the widow's exemption could not take the land from under it, or in any way impair its lien: Act of April 14, 1851, P. L. 612, sec. 5; 1 P. & L. Digest, 1524.

The auditor found against the exceptant solely on the ground of insufficiency of evidence.

The jurisdiction of the orphans' court having attached, it comprehends within its grasp all powers necessary to make distribution: Williamson's Appeal, 94 Pa. 231.

*W. D. B. Ainey,* for appellee.

OPINION BY ORLADY, J., July 28, 1899:

The Act of April 14, 1851, P. L. 612, gives to the widow or the children of any decedent dying within this commonwealth, testate or intestate, the right to retain real or personal estate belonging to the estate, of the value of $300, and it provides the method by which they can secure the title thereto, provided, that the claim "shall not affect or impair any liens for the purchase money of such real estate." In addition to that exception, the land or the proceeds thereof cannot be taken to the prejudice of the father's or husband's mortgagee : Peeble's Estate, 157 Pa. 605.

In the case before us the widow made her claim under the 3d section of the Act of June 4, 1883, P. L. 74, without taking out letters of administration, and it is resisted by a creditor of the husband who claims that his judgment lien is for purchase money of the real estate claimed by the widow, though it was not given until ten years after a deed for the premises had been delivered to the husband, and not asserted against the land for fifteen years after it had been entered of record. Four days after the death of the husband a scire facias to revive and con-

tinue the lien was issued with notice, etc., which proceeding is yet undetermined and is contested by the widow. Under the act of 1851 and its supplements, the widow's claim has been regarded by the courts as a specially meritorious one, and if asserted in proper time is superior to that of other creditors. The burden of proof is upon the creditor who excepts to its allowance : Stineman's Appeal, 34 Pa. 394 ; Thomas's Estate, 152 Pa. 63.

The contesting creditor's rights are fully protected by confirming the appraisement, subject to the lien of the judgment of A. J. Adams, and the integrity of that judgment can be determined in the pending scire facias, whereas the meager balance left for her—and to which she is clearly entitled—would soon be consumed in litigation, even if she should successfully defend against this creditor's claim. The purpose of the act would be frustrated by disallowing the widow's claim and would be a denial of her right to an admitted surplus. The fact that the land is incumbered by a bona fide judgment or a mortgage is not sufficient of itself to prevent the confirmation of the appraisement when the title to the land vested in her thereby is made subject to the lien : Kauffman's Appeal, 112 Pa. 645.

The decree of the court below is affirmed.