# Garman's Estate.

*Decedents' estates—Costs—Auditor.*

Where an auditor is appointed by the orphans' court to pass upon
exceptions and make distribution, and the auditor charges all the
expenses of the audit on the estate, the court will not disturb the
auditor's disposition of costs, where there is no way by which it can
be determined how much of the expense should be chargeable to dis-
tribution, and how much to the disposition of the exceptions.

*Appeals—Executors and administrators—Trusts and trustees—Tes-
tamentary trustee.*

Although executors and administrators as such have no right to
appeal from a decree distributing the funds in their hands, yet if such
a person takes an appeal, not only as administrator d. b. n. c. t. a.,
but also as testamentary trustee, the appeal may be sustained.

*Decedents' estates—Auditor—Distribution.*

Where an auditor "is asked to indicate the person to receive the
share" of one of the legatees, but no particular person is indicated to
him, he cannot be convicted of error in distributing the share to "the
trustee appointed, or hereafter to be appointed" of the legatee men-
tioned.

*Auditor—Findings of fact—Review.*

Where facts have been found, and the discretion of an auditor prop-
erly exercised, and his report has been confirmed by the orphans'
court, the appellate court will not interfere.

Argued Oct. 25, 1906. Appeal, No. 178, Oct. T., 1906, by
Cornelius Hauer, Administrator d. b. n. c. t. a., dismissing ex-

ceptions to auditor's report in Estate of Isaac Garman, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Exceptions to report of Walter C. Graeff, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in overruling exceptions to auditor's report.

*Bassler Boyer*, for appellant.

*Robert L. Adams*, with him *Paul G. Adams* and *J. G. Adams*, for appellees.

Opinion by Beaver, J., February 25, 1907:

Inasmuch as there is no appeal from the disposition of the exceptions to the account of the appellant in the orphans' court, we are not called upon to determine whether the said exceptions, inasmuch as they were dismissed by the auditor, were well founded or not. In view, however, of the fact that the appeal to the Supreme Court was by an administrator from a decree of distribution, and that the appeal was dismissed by the Supreme Court, and in view of the further fact that the exceptants allege that " The said appeal was manifestly against the interest of the legatees under the will of Isaac Garman," it would seem as if there had been good ground for the exception relating to the costs of said appeal.

Having been dismissed, however, by the auditor, after careful consideration, the appellant seeks to charge the appellee with the costs of the audit, except so much thereof as relates solely to the question of distribution. The auditor was appointed " to pass upon exceptions and make distribution of the balance." There is no way by which we could determine how much of the expense would be chargeable to distribution and how much to the disposition of the exceptions. The auditor was the best judge as to that, and, inasmuch as he charged all the expenses of the audit to the estate, and his disposition of the costs was approved by the court, we accept his disposition of the costs and expenses of audit as proper to be made.

Although the question is not raised distinctly by the appellee, the status of the appellant in this court might be doubtful, inasmuch as executors and administrators, as such, have no right to appeal from a decree distributing the funds in their hands: Stineman's Appeal, 34 Pa. 394. Inasmuch, however, as the appellant makes his appeal not only as administrator but also as testamentary trustee, under the will of the testator, of Sarah Hauer, he may come within the exceptional cases in which an appeal lies, and it is perhaps meet that the appeal should be disposed of on its merits.

The only other exception is based upon what is called by the appellant a refusal on the part of the auditor to make a distinct finding to his request that " The auditor is asked to indicate the person to receive the share of Mrs. Hauer." The response of the auditor to that request is : " The remaining two-thirds must be decreed to the legatees and trustee, appointed or hereafter to be appointed, of Sarah Hauer." So far as the request is concerned, this would seem to be a sufficient answer thereto. What the appellant evidently desired was that the auditor should say that he, as the administrator of Isaac Garman, with the will annexed, was the testamentary trustee of the said Sarah Hauer, under the provisions of the will of said Isaac Garman, relating to the successor or successors of his executors. If this was his desire, it should have been so indicated in the request. If the appellant is the testamentary trustee of Sarah Hauer, under the will, having the money in his hands, as administrator d. b. n. c. t. a., it is only necessary for him to pay it to himself. If there is any dispute as to the fact of his being the testamentary trustee, it was probably wise on the part of the auditor not to pass upon that question, inasmuch as he was appointed for the purpose of making distribution and may not have had the parties who would be interested in contesting the question as to whether or not the appellant was in fact the testamentary trustee of his wife under the will, legitimately before him. If it becomes necessary to determine that question, the orphans' court will doubtless do so, upon proper notice to the parties interested.

We see nothing whatever in this case to take it out of the general rule that, where facts have been found and the discretion of an auditor properly exercised, and his report has been

confirmed by the orphans' court, the appellate court will not interfere.

Decree affirmed, and appeal dismissed at the costs of the appellant.