# Blaney's Estate.

*Appeals—Executors and adminstrators—Party interested.*

While an executor as such cannot appeal from a decree distributing funds in his hands, yet if the record shows that he is one of the distributees, an appeal by him will be considered as if made by a party interested.

*Appeals—Findings of fact—Auditor.*

The findings of fact by an auditor, on sufficient evidence and confirmed by the orphans' court, will not be disturbed except for manifest error.

*Payments—Application of payments—Least secured debt.*

In the absence of an agreement or direction by the debtor to the contrary, the creditor has the right, in general, to appropriate a payment at his will, and he may, therefore, appropriate it to the least secured debt.

Argued May 11, 1908. Appeal, No. 27, April T., 1908, by Frank Blaney, executor, from decree of O. C. Armstrong Co., March T., 1902, No. 3, dismissing exceptions to auditor's report in Estate of J. A. Blaney, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Exceptions to report of Austin Clark, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*R. A. McCullough*, with him *H. A. Heilman*, for appellant.

*Orr Buffington*, with him *O. W. Gilpin*, for appellee.

Opinion by Beaver, J., July 15, 1908:

This appears on its face to be an appeal by Frank Blaney, executor qua executor. It was held in Stineman's Appeal, 34 Pa. 394, that "Executors, as such, have no right to appeal from a decree distributing the funds in their hands," and this has been consistently followed until the present day. Inasmuch, however, as it appears from the evidence that the F. S. Blaney, who is named among the heirs and distributees of this estate, is the same person as the executor, Frank Blaney, we consider the appeal as if made by him as a party interested.

The question is a very simple one, depending upon the facts as they appeared before the auditor: Was the note of R. D. Jennings, guaranteed by the decedent to the Oil Well Supply Company, paid, or were the payments made by Jennings applied to his general account with the said supply company, leaving the note, with the decedent's guarantee thereon, unpaid?

The auditor found, upon an examination of the account of the supply company, that payments made by Jennings had been applied to his open account, and that the note, with the decedent's guarantee, was unpaid, and that it was entitled to the fund for distribution, which was less than the amount of the note. This finding was confirmed by the orphans' court, which seems to have made a careful examination of the accounts. Under the well-known rule, therefore, that the finding of an auditor, confirmed by the orphans' court, as to a matter of fact, will not be disturbed, except upon manifest error, we would not be justified in setting aside this decree.

We are satisfied, however, that the president judge of the orphans' court was entirely correct in holding that the Oil Well Supply Company had the right, in the absence of any application of payments by Jennings, to apply them upon his unsecured account, leaving the note, upon which the decedent was the guarantor, unpaid.

The general rule as to the application of payments by a creditor is stated in 3 P. & L. Dig. of Dec., column 4,432: "In the absence of an agreement or direction by the debtor to the contrary, the creditor has, in general, a right to appropriate a payment at his will. He may, therefore, appropriate it to the least secured debt." And, at column 4,436: "Application by the court. In the absence of application of a payment by either debtor or creditor, the court will, as a general rule, apply the payment for the benefit of the creditor to the first or oldest debt; to the least secured debt; to interest first and then to the principal."

In Richard's Estate, 185 Pa. 155, the rule, as laid down in 2 Parsons on Contracts,* 634, was distinctly recognized: "Where an obligor makes a general payment to his obligee, to whom he is indebted, not only on the bond but otherwise, the surety of the obligor cannot require that the payment should be applied to the bond, unless aided by circumstances which show only such application was intended by the obligor." This case was affirmed in a per curiam opinion, in which it is said: "So far as they are material to appellant's contention, the learned judge's findings of fact are sustained by the evidence, and his

conclusions, based on the controlling facts thus established, are substantially correct."

The same may be said here. We find nothing in the record which would justify a reversal of the distribution, as made by the auditor and confirmed by the court.

Decree affirmed and appeal dismissed at the costs of the appellant.