## Holben's Estate.

Per Curiam, March 8, 1930:

In this case there is only one appeal, and it is from a decree ordering distribution. The appeal was taken jointly by Dora O. Holben and W. A. Holben, executors, and by several other persons, all residuary legatees under the will of John L. Holben, deceased. The single complaint is of an award, under the intestate laws, of one-third of the estate to Sarah J. Holben, who claims as the widow of decedent. She asks that the appeal be quashed, and her motion to that effect is the matter now before us for determination.

The executors' account having been referred to an auditor, exceptions to his findings and conclusions were, on May 6, 1929, disposed of by the court below, which made a restatement of the auditor's schedule of distribution, without ordering payments in accord therewith; on the contrary, in connection with this restatement, the court expressly allowed exceptions thereto. These were filed May 14, 1929, but not disposed of till December 26, 1929, when the following final order was entered: "The exceptions......are severally overruled and dismissed and the executors are directed to make payment to those entitled thereto in accordance with the restatement of the auditor's schedule of distribution filed May 6, 1929."

It is now contended by appellee that the decreee of May 6, 1929, was final and definitive, and therefore the present appeal, taken February 7, 1930, came too late. We cannot agree with this position. The record as a whole makes it plain that the court below intended the order of May 6th as tentative,—for reconsideration on exceptions, which it then and there allowed; but, more than this, the order was not final either in substance or form. As pointed out in Constable's Est., 297 Pa. 212, 214, an order, to be final, must, in definite terms, dispose of the case as a whole, directing distribution to be made; the decree of December 26, 1929, shows the first order of this character entered on the present record.

It is further contended that, since each residuary legatee appears entitled to a specific amount shown by the schedule of distribution, a joint appeal does not lie, and separate appeals must be taken. Speaking generally, where a decree of distribution includes several persons, with distinct and independent interests, they cannot prosecute a joint appeal (McGlinn's Est., 270 Pa. 373; Long's Est., 270 Pa. 480; Taylor's Est., 277 Pa. 518; Samson's Est., 22 Pa. Superior Ct. 93); but the present case comes within an exception to this rule, recognized by us in Shelley's Est., 288 Pa. 11, 13-14.

There, on appeal by two of the four residuary legatees, the allowance of a claim against the estate of a deceased testator was reversed, and, on a petition to modify our final decree, so that it should affect only the shares of the two appellants, we held that the disallowance of the claim inured to the benefit of all residuary legatees, including those who did not appeal, saying of the claim there involved, what is appropriate here, that it was "a single demand for a part of the......estate, to be deducted [if allowed] before any distribution......to the residuary legatees," and could not be viewed in any sense as representing separate "claims against each one of those who would be ultimately affected by its allowance." While the opinion in the case cited does not specifically say that where, as there and here, a claim of the character just described is the sole matter for decision, a joint appeal may be taken by those entitled to the estate which will be diminished if the claim is ultimately held to be good, yet that is the plain meaning of the decision rendered. In such cases, where the claim involved is not only "single and indivisible,"—"enforceable in its entirety or not at all,"—but is aliunde the will of decedent, and, if finally allowed, is to come out of the estate as a whole not on a par with but ahead of the distributive shares of the testamentary beneficiaries, the latter have such a common interest in contesting it as entitles them to a joint appeal.

Finally, appellee objects that the executors are not entitled to appeal because they are only holders of the fund for distribution, and as such have no interest in the outcome. See Hand's Est., 288 Pa. 569. It appears, however, that the appellants in question are not only the executors, but also residuary legatees under the will; this being the case, they may continue the appeal in the latter capacity. See Stineman's App., 34 Pa. 394; Blaney's Est., 37 Pa. Superior Ct. 76; see also Kaufmann's Est., 293 Pa. 73, 79.

The motion to quash is refused.