### Bower's Estate.

*Harry A. Coryell*, for exceptant.
*Truman J. Purdy* and *A. Francis Gilbert*, contra.

POTTER, P. J., October 23, 1930.—William H. Bower died intestate on May 13, 1928, leaving to survive him his widow, Priscilla Bower, and four children, viz., Bertha L. Laura Bower, May Bower, Joseph H. Bower and George T. Bower. There were debts incident to the burial of the decedent of approximately $600, and $380 more due to some finance company. Soon after the burial of the decedent, it was agreed between the widow and the four children that she should pay the debts, and they would give her a deed for the real estate, worth approximately $800. She drew $600 insurance on the death of her husband, which she applied to the payment of debts as far as it would go. The deed was prepared and was ready to be signed when Joseph H. Bower refused to sign it, and because he refused, the other children also refused. From the testimony and facts presented to us, we are led to the belief that if Joseph H. Bower had signed the deed the other children would also have done so, in which event we would not have had this dispute before us. Matters remained in this manner for a year or more, the widow and the other three children using their endeavors to persuade Joseph H. Bower to sign the deed.

It apparently was finally found to be useless to parley further about the matter, and the other son, George T. Bower, took out letters of administration. On October 7, 1929, he applied to this court for an order to sell his deceased father's real estate for the payment of his debts. The order was granted. Afterwards it was brought to our attention that the time had gone

by within which an order of sale could be granted for the payment of debts, and, by agreement of counsel on both sides, we vacated the order.

On December 3, 1928, Joseph H. Bower made a loan from the Beneficial Loan Society, Inc., of Williamsport. Apparently he paid nothing on this loan, so on September 30, 1929, this society caused to be issued a testatum fieri facias from the Court of Common Pleas of Lycoming County to the Sheriff of Snyder County, by virtue of which he levied on the interest of Joseph H. Bower in the real estate of his deceased father.

The records do not show us what became of this testatum fieri facias, so we presume it must have been stayed pending the final disposition of the questions before us.

On October 5, 1929, the widow applied to the administrator for the allowance of her $500 exemption out of the personal property of her deceased husband. The administrator duly appointed Brian Teats and W. L. Young as appraisers. They made the appraisement either on October 5, 1929, or at a date soon thereafter, and set apart to the widow household goods to the amount of $35, and the further sum of $465 in cash out of the proceeds of the sale of the real estate. This appraisement was filed in the office of the clerk of this court on February 24, 1930. Exceptions were filed to it on March 26, 1930, which we have before us for disposal.

Several exceptions are filed, but the substance of them all is that the widow has been guilty of laches in making her claim for her exemption, and is, therefore, barred therefrom.

If this widow out of a pure spirit of carelessness and neglect had let her time go by for claiming her exemption from the time of the death of her husband, viz., May 13, 1928, up to October 5, 1929, we might be disposed to view her claim with some disfavor. But, in our judgment, such was not the case. She was waiting with the expectation that the family settlement would be consummated as had been agreed upon soon after the death of her husband. And, further, as no administration had been raised, there was no one to whom she could apply for it. In our judgment she was not guilty of laches. And, as soon as she became convinced that the family settlement would not go through, she took steps to preserve her rights, about one year and five months having elapsed since her husband's death, and only a short time having elapsed since an administration was raised.

In the case of Snider's Estate, 4 Dist. R. 458, Judge Stewart, of Franklin County, later one of the justices of the Supreme Court, held that two and one-half years was not too long before making the application for the exemption where no one was prejudiced. In Kerns's Appeal, 120 Pa. 523, it was held that nearly three and one-half years was too long, and especially in the face of a second marriage of the widow. In Kirchner's Estate, 6 Dist. R. 138, the widow was deterred from making her claim by reason of a family arrangement which did not culminate (just like the case at bar) and five years, under those conditions, was held not too long.

The exceptant in this case is not a creditor of the decedent. It is only a creditor of an heir of the decedent, and, were it permitted to sell, all it could sell would be the share of Joseph H. Bower in the real state of his deceased father. It seems that it made this loan to Joseph H. Bower before it knew of his share in his father's real estate, and after it ascertained that fact, it caused the testatum to issue.

The right of the widow to the exemption is an absolute one and is not dependent on her necessities: Palethorp's Estate, 14 Pa. C. C. 286; and it takes precedence of the undertaker's bill: Weirs's Estate, 10 Pa. C. C. 187.

She is entitled to it in addition to her share under the intestate laws: Stineman's Appeal, 34 Pa. 394. The husband cannot by any provision in his will deprive her of it: Compher *v.* Compher, 25 Pa. 31; Peebles's Estate, 157 Pa. 605. She is entitled to it even if she elects to take against the will: Farrell's Estate, 4 W. N. C. 383. The burden of proof is on the exceptant to establish the widow's want of right to it: O'Neill's Estate, 1 Dist. R. 392. A claim made thirteen months after the husband's death will not be refused for laches: Irwin's Estate, 19 Pa. C. C. 595. These citations of authorities are mentioned simply for the purpose of showing the high regard in which the law places and holds the claim of the widow's exemption.

The exceptant also sets up that the appraisers were not lawfully appointed. Section 12 (a) of the Act of June 7, 1917, P. L. 447, 472, provides that it shall be the duty of the fiduciary to have the property, if personal, appraised and set apart to the widow, and that was done in this case. The administrator selected the appraisers, two good men, to appraise the personal property to the widow, and they did so. They appraised no real estate to her. Had she wanted real estate set apart to her, then the appraisers would need to be appointed by the court.

We feel that under the conditions and circumstances as developed in this case, the widow was not too late in making application for her exemption, and we feel that her right to it existed before the testatum fieri facias of the exceptant issued. How, then, can they take it away from her? We fail to see how.

And now, to wit, October 23, 1930, the exceptions to the widow's exemption are dismissed. An exception is noted for the exceptant and a bill is sealed.