## Whitmore's Estate

*Roland S. Morris* and *Edward J. McGrath*, for petitioner.
*Charles L. Guerin*, for exceptants.

VAN DUSEN, J., March 2, 1934.—This is a petition for the discharge of an administrator to which a demurrer has been filed by parties in interest. This so-called demurrer does not point out defects in the petition, but refers to other

matters which are in the record, viz: the adjudication of the administrator's account and the dismissal of exceptions thereto by the court en banc. Passing over the question whether this may not be a "speaking demurrer", we will dispose of the point intended to be raised.

The adjudication awarded distribution to Sidney Whitmore. Exceptions were filed by those who object here, and they were disposed of by the court en banc in an opinion which concluded as follows [19 D. & C. 123, 125]: "All exceptions are dismissed and the adjudication is confirmed absolutely." It is now said that there is no final decree from which an appeal could be taken, and that the administrator, though he has paid the award, is not entitled to a discharge until the time for appeal has gone by.

What was done in this case has been done in thousands of cases, and the award has been paid and a discharge has been granted. There was a definitive award nisi; this award was prevented from becoming absolute by exceptions; as soon as the exceptions were dismissed the definitive award became the final award of the court. A schedule of distribution is only a convenience in a complicated case; it is not necessary where the adjudication contains a definite award, as this adjudication does. The schedule is only part of the adjudication. We would have no difficulty if it were not for certain cases pressed upon our attention. When they are carefully examined, they are not in conflict with this practice.

Constable's Estate, 297 Pa. 212, was a case where the court stated a schedule and awarded distribution in accordance therewith "unless exceptions hereto be filed sec. reg." Exceptions were filed, and they were dismissed "for the nonobservance of the rules of court" which required such exceptions to be sworn to and to be served. The Supreme Court said (p. 214):

"An order, to be final, must in definite terms dispose of the case as a whole; and, to indicate this, after the dismissal of exceptions, some words should be used such as, 'the adjudication is confirmed absolutely, and it is decreed that distribution be made in accord with the schedule of distribution.' As the case stands, the decree of March 10th is conditional. The order of June 2d disposes of the exceptions because of nonobservance of certain rules, without more; for all that appears, it is likely that the court below, when it made this brief order, intended to allow appellant another chance to comply with the rules in question before entering a final decree."

In other words, it did not affirmatively appear that the dismissal of the exceptions was on the merits and intended to be final. We doubt that the Supreme Court intended to require a repetition of the award of distribution, when it affirmatively appears on the record that the exceptions are unconditionally dismissed. By dismissing exceptions, the court en banc adopts as its own the award in the adjudication, and the order dismissing exceptions, embodying by implied reference the award in the adjudication, becomes the final decree from which an appeal is taken. Even the form suggested by the Supreme Court requires a reference to the adjudication in order to be understood.

In Holben's Estate, 299 Pa. 348, the court restated the auditor's schedule of distribution "without ordering payments in accord therewith; on the contrary, in connection with this restatement, the court expressly allowed exceptions thereto." These exceptions were dismissed at a later day, and distribution was then ordered. Obviously, the first order, which was still subject to exceptions, was tentative only.

The demurrer is overruled and a decree granting the discharge is entered.