## Bernstein, to use, v. Bryn Mawr Trust Company

*David S. Malis* and *High, Dettra & Swartz*, for plaintiff.
*Russell J. Brownback*, for defendant.

CORSON, J., June 29, 1934.—In this case, after verdict of the jury in favor of the plaintiff, this court entered judgment in favor of the defendant n. o. v.

While the defendant based its motion for judgment upon various contentions, the court, in its opinion, based its action mainly upon the conclusion of law that defendant's plea of the statute of limitations must be sustained upon the admitted facts in the case.

From this decision, plaintiff appealed, and, under Rule 55 of the Supreme Court, filed his statement of the questions to be argued on appeal and a statement of evidence not to be printed as part of the record upon such appeal.

To this statement the appellee objects, and contends that the evidence which the appellant proposes to omit from the record is pertinent to the question whether or not this court was in error in sustaining the defendant's motion for judgment n. o. v., even though such evidence does not apply particularly to the defense of the statute of limitations.

In McCullough's Estate (No. 2), 292 Pa. 422, 425, the Supreme Court interpreted Rule 55 and held that the purpose of the rule was:

1. To avoid unnecessary printing expenses;

2. To compel appellant's counsel to review the record, in advance of printing, in order to determine what parts of it are relevant to the questions about to be argued on appeal, not by him alone, but by either party;

3. To save that court the necessity of reading wholly irrelevant matter.

It was not intended to be a means of excluding evidence introduced in the court below, which appellant thinks does not affect the points he intends to argue, if such evidence can properly be used to sustain the order, judgment, or decree from which the appeal is taken.

We feel that the benefit of any doubt should be given to the appellee, because of the fact that upon appeal any evidence omitted from the record under Rule 55 and not printed by the appellee may not be used for any purpose by either party upon appeal: Constable's Estate, 297 Pa. 212, 215.

Upon this state of the law, we feel that the appellee's objections to the statement of evidence which the appellant does not intend to print must be sustained.

And now, June 29, 1934, after hearing, it is ordered, adjudged, and decreed that the appellant print all the record of the foregoing case upon appeal, with the exception of Exhibits P-8-19, and D-3-8, 16.